| United States Bankruptcy Court<br>District of Delaware | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**EN Boat LLC** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**See Rider 1** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>**93-1328982** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |

| Street Address of Debtor (No. & Street, City, and State):<br>**2101 4th Avenue**<br>**Suite 210**<br>**Seattle, WA 98121** | ZIP CODE<br>**98121-0000** | Street Address of Joint Debtor (No. & Street, City, and State): | ZIP CODE |
|---|---|---|---|
| County of Residence or of the Principal Place of Business:<br>**King** | | County of Residence or of the Principal Place of Business: | |
| Mailing Address of Debtor (if different from street address): | ZIP CODE | Mailing Address of Joint Debtor (if different from street address): | ZIP CODE |

Location of Principal Assets of Business Debtor (if different from street address above):

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☒ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☒ Other | ☐ Chapter 7<br>☐ Chapter 9<br>☒ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13    ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |

**Tax-Exempt Entity**
(Check box, if applicable.)
☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts**
(Check one box)
☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."   ☒ Debts are primarily business debts.

| **Filing Fee** (Check one box.) | **Chapter 11 Debtors** |
|---|---|
| ☒ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).<br>--------------------------------------------------<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| **Statistical/Administrative Information** | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

☒ Debtor estimates that funds will be available for distribution to unsecured creditors.

☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

Estimated Number of Creditors (consolidated basis, see note to Annex A)

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |

Estimated Assets (consolidated basis, see note to Annex A)

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |

Estimated Debts (consolidated basis, see note to Annex A)

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | **Name of Debtor(s):**<br>**EN Boat LLC** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed:     **- None -** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor: **See attached Annex A** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| | (To be completed if debtor is an individual<br>whose debts are primarily consumer debts.) |
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.  I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____<br>  Signature of Attorney for Debtor(s)          (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No

**Exhibit D**

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition | Name of Debtor(s): |
| *(This page must be completed and filed in every case)* | **EN Boat LLC** |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. |
| [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. | (Check only one box.) |

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|

X *Daniel J. DeFranceschi*
Signature of Attorney for Debtor(s)
**Daniel J. DeFranceschi (No. 2732)**
Printed Name of Attorney for Debtor(s)
**Richards, Layton & Finger, P.A.**
Firm Name
**One Rodney Square**
**920 North King Street**
**Wilmington, DE 19801**
Address

**(302) 651-7700**
Telephone Number

Date **April 1, 2011**

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; 2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X *Mark Detillion*
Signature of Authorized Individual
**Mark Detillion**
Printed Name of Authorized Individual
**Chief Financial Officer**
Title of Authorized Individual

Date **April 1, 2011**

_____
Address

X _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.*

## <u>Rider  1 – PRIOR TRADE NAMES</u>

All other names that may have been used by or associated with the Debtor in the last 8 years:

- Majestic America Line
- Windstar
- Windstar Cruises

<u>**Annex A**</u>

**ATTACHMENT TO VOLUNTARY PETITION**
**PENDING BANKRUPTCIES FILED BY AFFILIATES**

On April 1, 2011, contemporaneously herewith, each of the affiliated entities listed below (collectively, the "<u>Debtors</u>") filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code[1]. The Debtors have moved for joint administration of these cases under the number assigned to the chapter 11 case of Ambassadors International, Inc.

- Ambassadors International, Inc.

- Ambassadors Cruise Group, LLC

- Ambassadors, LLC

- EN Boat LLC

- AQ Boat, LLC

- MQ Boat, LLC

- DQ Boat, LLC

- QW Boat Company LLC

- Contessa Boat, LLC

- CQ Boat, LLC

- American West Steamboat Company LLC

- Ambassadors International Cruise Group (USA), LLC

---

[1] The number of estimated creditors, assets and liabilities represents the consolidated financial information of Ambassadors International, Inc., and its affiliated debtors as set forth hereto. This does not constitute a statement or admission as to the assets or liabilities of any of the debtor entities individually.

Dated March 30, 2011

The undersigned, being the sole managing members (the "***Sole Managing Members***") of the following direct and indirect subsidiaries (each, a "***Company***" and, collectively, the "***Companies***") of Ambassadors International, Inc., a Delaware corporation ("***Parent***"):

> Ambassadors Cruise Group, LLC, a Delaware limited liability company,
> Ambassadors, LLC, a Delaware limited liability company,
> EN Boat LLC, an Oregon limited liability company,
> AQ Boat, LLC, a Delaware limited liability company,
> MQ Boat, LLC, a Delaware limited liability company,
> DQ Boat, LLC, a Delaware limited liability company,
> QW Boat Company LLC, an Oregon limited liability corporation,
> Contessa Boat, LLC, a Delaware limited liability company,
> CQ Boat, LLC, a Delaware limited liability company,
> American West Steamboat Company LLC, an Oregon limited liability company,

and

> Ambassadors International Cruise Group (USA), LLC, a Delaware limited liability company ("***Cruise Group USA***")

hereby consent to and adopt the following resolutions:

WHEREAS, the Sole Managing Members have reviewed and considered the materials presented by the Companies' management team and the financial and legal advisors to the Companies', the strategic alternatives available to the Companies, and the impact of the foregoing on the Companies' businesses; and

WHEREAS, the Sole Managing Members have had the opportunity to consult with the Companies' management team and the financial and legal advisors to the Companies and to fully consider each of the strategic alternatives available to the Companies;

WHEREAS, the Sole Managing Members have considered the actions taken and approved by the Board of Directors of Parent as set forth in the Unanimous Written Consent of the Board of Directors of Parent dated as of the date hereof;

## I. Voluntary Petition Under the Provisions of Chapter 11 of Title 11 of the United States Code

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Sole Managing Members, it is desirable and in the best interests of the Companies, their creditors and other parties in interest, that each Company file or cause to be filed voluntary petitions for relief under the provisions of chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*") with the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*"); and it is

RESOLVED FURTHER, that, subject to arrangements having been made to the satisfaction of the Chairman of the Board and the Chief Executive Officer of Parent for the financing of the Companies's operations during bankruptcy proceedings pursuant to the DIP Credit Agreement referred to below, the Chief Executive Officer and other senior officers of each Company (collectively, the "*Authorized Officers*"), acting alone or with one or more other Authorized Officers, with power of delegation, be, and they hereby are, authorized, in their discretion, to execute and file on behalf of each Company all petitions, schedules, lists and other motions, papers or documents, and to take any and all action that they deem necessary or proper to obtain relief under chapter 11 of the Bankruptcy Code, including, without limitation, any action necessary to maintain the ordinary course operation of each Company's businesses.

## II. Retention of Professionals

NOW THEREFORE BE IT RESOLVED, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Stroock & Stroock & Lavan LLP ("*Stroock*") as primary bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including negotiating agreements, filing any pleadings and petitions for relief and all other appropriate matters; and it is

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Richards, Layton & Finger, PA ("*RLF*") as bankruptcy co-counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including

negotiating agreements, filing any pleadings and petitions for relief and all other appropriate matters; and it is

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Imperial Capital LLC ("**Imperial**"), as investment banker and financial advisor to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations including assisting the Companies in obtaining post-petition financing, selling assets and all other appropriate matters; and it is

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Phase Eleven Consultants, LLC ("**PEC**" and together with Stroock, RLF and Imperial, the "**Case Professionals**") as notice and claims agent to represent and assist each Company in carrying out its duties under Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and it is

RESOLVED FURTHER, that the Authorized Officers be, with power of delegation, and they hereby are, authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed appropriate applications for authority to retain the services of the Case Professionals; and it is

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers be, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

## III.     Debtor in Possession Financing

NOW, THEREFORE, BE IT RESOLVED, that, in the business judgment of the Sole Managing Members, after consultation with their professional advisors and review of a draft of the DIP Credit Agreement (as defined below), have determined it is desirable and in the best interests of the Companies, and their respective creditors, stockholders and other interested parties, to obtain postpetition financing contemplated by the DIP Credit Agreement; and it is

3

FURTHER RESOLVED, that the transactions contemplated by the DIP Credit Agreement, including the incurrence and guarantees of indebtedness and other obligations and the grant of security interests, liens and pledges by the Companies, be and hereby are, approved; and it is

FURTHER RESOLVED, that the terms and provisions of the Senior Secured Superpriority Debtor in Possession Credit Agreement (the "***DIP Credit Agreement***")*,* by and among Parent and the other Borrowers signatory thereto, the Guarantors signatory thereto, Whippoorwill Associates, Inc., as DIP Lender and Law Debenture Trust Company, as administrative agent and each of the other financial institutions from time to time party to the DIP Credit Agreement pursuant to which the DIP Lenders will provide Parent and the other Borrowers with financing in the amount of up to $20 million during the Parent's and the Companies' chapter 11 cases, in substantially the form submitted to the Sole Managing Members and with such modifications and supplements as may be approved by the Authorized Officers, or any of them, such determination to be evidenced conclusively by the execution thereof, be, and the same hereby is in all respects approved; and it is

RESOLVED FURTHER, that each of the exhibits to the DIP Credit Agreement and each of the other documents required by or related to the DIP Credit Agreement, including mortgage agreements, account control agreements, security agreements, pledge agreements, deeds of trust, financing statements, and other documents and instruments (collectively, with the DIP Credit Agreement, the "***DIP Facility Credit Documents***"), in such form and with such terms and conditions as may be determined to be expedient, necessary or appropriate by the Authorized Officers, or any of them, such determination to be evidenced conclusively by the execution thereof, be and hereby is, approved; and it is

RESOLVED FURTHER, that any Authorized Officer is hereby authorized and empowered, in the name of and on behalf of the Companies, to execute and deliver the DIP Credit Agreement and each of the other DIP Facility Credit Documents to which the Company is a party, each in the form or substantially in the form submitted to the Sole Managing Members, with such changes, additions and modifications thereto as the Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by such officer's execution and delivery thereof; and it is

RESOLVED FURTHER, that the Companies, as debtors and debtors in possession under the Bankruptcy Code be, and hereby are, authorized to incur and perform all obligations incurred under the DIP Facility Credit Documents (the "***DIP Obligations***") and undertake any and all related transactions contemplated thereby (collectively, the "***Financing Transactions***"); and it is

RESOLVED FURTHER, that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Facility Credit Documents which shall in their sole judgment be necessary, proper or advisable; and it is

RESOLVED FURTHER, that all acts and actions taken by the Authorized Officers prior to the date hereof with respect to the transactions contemplated by the DIP Facility Credit Documents be, and hereby are, in all respects confirmed, approved and ratified.

IV.     **363 Sale**

NOW, THEREFORE, BE IT RESOLVED, that, in the business judgment of the Sole Managing Members, after consultation with their professional advisors and review of the Asset Purchase Agreement (as defined below), have determined it is desirable and in the best interests of the Companies, and their respective creditors, stockholders and other interested parties, to enter into the transactions contemplated by the Asset Purchase Agreement; and it is

FURTHER RESOLVED, that the transactions contemplated by the Asset Purchase Agreement, including the sale of the Purchased Assets and the assignment of the Assumed Liabilities (each as defined in the Asset Purchase Agreement) by the Sellers (as defined therein), be and hereby are, approved; and it is

FURTHER RESOLVED, that the terms and provisions of the Asset Purchase Agreement (the "***Asset Purchase Agreement***"), by and among the Companies (other than Cruise Group USA) and the Purchaser (as defined in the Asset Purchase Agreement) pursuant to which the Purchaser will purchase the Purchased Assets and assume the Assumed Liabilities, in substantially the form submitted to the Sole Managing Members and with such modifications and supplements as may be approved by the Authorized Officers, or any of them, such determination to be

evidenced conclusively by the execution thereof, be, and the same hereby is in all respects approved; and it is

RESOLVED FURTHER, that each of the exhibits to the Asset Purchase Agreement, including the Bidding Procedures Order (as defined in the Asset Purchase Agreement) and the Sales Order (as defined in the Asset Purchase Agreement) and each of the other documents required by or related to the Asset Purchase Agreement, including bills of sale, assignment and assumption agreements, and other documents and instruments (collectively, with the Asset Purchase Agreement, the "***Asset Purchase Documents***"), in such form and with such terms and conditions as may be determined to be expedient, necessary or appropriate by the Authorized Officers, or any of them, such determination to be evidenced conclusively by the execution thereof, be and hereby is, approved; and it is

RESOLVED FURTHER, that any Authorized Officer is hereby authorized and empowered, in the name of and on behalf of the Companies, to execute and deliver the Asset Purchase Agreement and each of the other Asset Purchase Documents to which each Company is a party, each in the form or substantially in the form submitted to the Sole Managing Members, with such changes, additions and modifications thereto as any Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by such officer's execution and delivery thereof; and it is

RESOLVED FURTHER, that the Companies, as debtors and debtors in possession under the Bankruptcy Code be, and hereby are, authorized to sell the Purchase Assets, assign the Assumed Liabilities and perform all obligations incurred under the Asset Purchased Documents (the "***Sale Obligations***") and undertake any and all related transactions contemplated thereby (collectively, the "***Sale Transactions***"); and it is

RESOLVED FURTHER, that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Asset Purchase Documents which shall in their sole judgment be necessary, proper or advisable; and it is

RESOLVED FURTHER, that the Authorized Officers be, and each of them, acting alone hereby are, authorized, empowered and directed to take any and all actions to (i) obtain the Bankruptcy Court's approval of bidding procedures in connection with the Sale

Transactions, (ii) schedule an auction in connection with such sale, and (iii) obtain Bankruptcy Court approval of the Sale Transactions; and it is

RESOLVED FURTHER, that all acts and actions taken by the Authorized Officers prior to the date hereof with respect to the transactions contemplated by the Asset Purchase Documents be, and hereby are, in all respects confirmed, approved and ratified.

## V. Second Supplemental Indenture

NOW, THEREFORE, BE IT RESOLVED, that, in the business judgment of the Sole Managing Members, after consultation with their professional advisors and the Authorized Officers, have determined it is desirable and in the best interests of the Companies, and their creditors, stockholders and other interested parties, to enter into that certain Second Supplemental Indenture (the "***Second Supplemental Indenture***") by and among Parent, the certain of the Companies, as Subsidiary Guarantors (as defined in the Second Supplemental Indenture), and Wilmington Trust FSB, as trustee, to amend that certain Indenture, dated as of November 13, 2009 (as amended by the First Supplemental Indenture, dated as of March 23, 2010, collectively, the "***Indenture***"), relating to Parent's 10% Senior Secured Notes due 2012 (the "***Securities***"), in order to permit the Financing Transactions and the Sale Transactions under the Indenture and to permit the Holders (as defined below) to credit bid their Securities in the Sale Transactions; and it is

FURTHER RESOLVED, that the amendments to the Indenture contemplated by the Second Supplemental Indenture, including the addition of definitions with respect to the Financing Transactions and the Sale Transactions and the addition of provisions with respect to the credit bid of the Securities in the Sale Transactions, be and hereby are, approved; and it is

FURTHER RESOLVED, that the terms and provisions of the Second Supplemental Indenture, in the form reviewed and approved by the Authorized Officers and with such modifications and supplements as may be approved by the Authorized Officers, or any of them, such determination to be evidenced conclusively by the execution thereof, and each of the transactions contemplated thereby, and the performance by the Companies of all their obligations pursuant thereto be, and the same hereby is in all respects, approved; and it is

RESOLVED FURTHER, that each of the ancillary documents with respect to the Second Supplemental Indenture, including the Waiver and Consent Agreement (as defined in the Second Supplemental Indenture) and each of the other documents required by or related to the Second Supplemental Indenture, including consents, agreements, certificates and other documents and instruments (collectively, with the Second Supplemental Indenture, the "***Second Supplemental Indenture Documents***"), in such form and with such terms and conditions as may be determined to be expedient, necessary or appropriate by the Authorized Officers, or any of them, such determination to be evidenced conclusively by the execution thereof, be and hereby is, approved; and it is

RESOLVED FURTHER, that the Authorized Officers be, and each of them acting alone hereby is, authorized, empowered and directed to execute and deliver, or cause to be executed and delivered, upon receipt of the appropriate consent of the Holders, for and on behalf of the Companies, the Second Supplemental Indenture, in the form reviewed by such Authorized Officers, with such changes therein as said officers or officer shall approve, such approval thereof to be conclusively evidenced by such officers' or officer's execution thereof;

RESOLVED FURTHER, that any Authorized Officer is hereby authorized and empowered, in the name of and on behalf of the Companies, to execute and deliver each of the Second Supplemental Indenture Documents to which each Company is a party, each in the form reviewed and approved by the Authorized Officers, with such changes, additions and modifications thereto as any Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by such officer's execution and delivery thereof; and it is

RESOLVED FURTHER, that the Authorized Officers of the Companies be, and each of them acting alone hereby is, authorized, empowered and directed to seek the written consent of holders of a majority in aggregate principal amount of the Securities then outstanding (the "***Holders***") voting as a single class in order to enter into the Second Supplemental Indenture; and it is

RESOLVED FURTHER, that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Second Supplemental Indenture Documents

which shall in their sole judgment be necessary, proper or advisable; and it is

RESOLVED FURTHER, that the Authorized Officers be, and each of them acting alone hereby is, authorized, empowered and directed to execute, deliver, record and/or file all documents and instruments and to do all other acts as may be required, appropriate or necessary to carry out and perform the terms of the Second Supplemental Indenture and consummate any and all of the transactions contemplated thereby;

RESOLVED FURTHER, that all acts and actions taken by the Authorized Officers prior to the date hereof with respect to the transactions contemplated by the Second Supplemental Indenture Documents be, and hereby are, in all respects confirmed, approved and ratified.

## VI.    Further Actions and Prior Actions

NOW, THEREFORE, BE IT RESOLVED that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the officers of each Company or their designees be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of, and on behalf of, each Company, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments and other documents and to pay all expenses, including filing fees, in each case as in such officer or officers' judgment shall be necessary or desirable to fully carry out the intent and accomplish the purposes of the resolutions; and it is

RESOLVED FURTHER, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved and ratified.

[*Signature Pages Follow*]

**IN WITNESS WHEREOF**, the undersigned have executed this Unanimous Written Consent as of the date first above written.

**AMBASSADORS INTERNATIONAL, INC.,**
the Sole Managing Member of Ambassadors, LLC

By: Hans Birkholz
Its: Chief Executive Officer


**AMBASSADORS INTERNATIONAL, INC.,**
the Sole Managing Member of Ambassadors Cruise Group, LLC

By: Hans Birkholz
Its: Chief Executive Officer


**AMBASSADORS CRUISE GROUP, LLC**
the Sole Managing Member of:
    American West Steamboat Company LLC,
    AQ Boat, LLC
    Contessa Boat, LLC,
    CQ Boat, LLC,
    DQ Boat, LLC,
    MQ Boat, LLC
    QW Boat Company LLC
    EN Boat LLC

    By: Ambassadors International, Inc.
    Its: Sole Managing Member

By: Hans Birkholz
Its: Chief Executive Officer


*[Signature Page to Sole Managing Member - Subsidiary Consent]*

**AMBASSADORS INTERNATIONAL CRUISE GROUP, LLC**
the Sole Managing Member of Ambassadors International Cruise
Group (USA), LLC

By: Ambassadors International Marshall Islands, LLC
Its: Sole Managing Member

    By: Ambassadors Cruise Group, LLC
    Its: Sole Managing Member

        By: Ambassadors International, Inc.
        Its: Sole Managing Member

        By: Hans Birkholz
        Its: Chief Executive Officer

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EN BOAT LLC, | Case No. 11-_____ (___) |
| Debtor. | |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Entity Name & Address | Percentage Ownership |
|---|---|
| Ambassadors Cruise Group, LLC<br>c/o Ambassadors International, Inc.<br>2101 4th Avenue, Suite 210<br>Seattle, WA 98121 | 100% |

## DECLARATION UNDER PENALTY OF PERJURY

I, Mark Detillion, the undersigned officer of EN Boat LLC, named as the Debtor in this case, declare under penalty of perjury that I have read the foregoing list of equity security holders of the Debtor and that it is true and correct to the best of my information and belief.

Dated: April 1, 2011

Mark Detillion
Chief Financial Officer

---

[1] This list serves as the disclosure required to be made by the Debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are based on information and belief as of March 30, 2011.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

In re:

EN BOAT LLC,

Debtor.

Chapter 11

Case No. 11-_____ (___)

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1, the following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the Debtor's equity interests:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Ambassadors Cruise Group, LLC | 100% |

## DECLARATION UNDER PENALTY OF PERJURY

I, Mark Detillion, the undersigned officer of EN Boat LLC named as the Debtor in this case, declare under penalty of perjury that I have read the foregoing corporate ownership statement of the Debtor and that it is true and correct to the best of my information and belief.

Dated: April 1, 2011

Mark Detillion
Chief Financial Officer

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMBASSADORS INTERNATIONAL, INC., <u>et al.</u>,[1] | Case No. 11-_____ (___) |
| Debtors. | Joint Administration Requested |

## CONSOLIDATED LIST OF CREDITORS
## HOLDING THE 30 LARGEST UNSECURED CLAIMS

Ambassadors International, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "***Debtors***") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***"). The following is the consolidated list of the Debtors' creditors holding the 30 largest unsecured claims (the "***Creditor List***") based on the Debtors' books and records as of March 29, 2011. The Creditor List is prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure. The Creditor List does not include (a) persons who come within the definition of "insider" as set forth in section 101(31) of the Bankruptcy Code or (b) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims on a consolidated basis. None of the creditors listed on the Creditor List are minor children. The information contained herein shall neither constitute an admission of liability by, nor is it binding on, the Debtors. The information herein, including the failure of the Debtors to list any claim as contingent, unliquidated or disputed does not constitute a waiver of the Debtors' right to contest the validity, priority or amount of any claim.[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Ambassadors International, Inc. (8605); Ambassadors Cruise Group, LLC (2448); Ambassadors, LLC (0860); EN Boat LLC. (8982); AQ Boat, LLC (5018); MQ Boat, LLC (5095); DQ Boat, LLC (5064); QW Boat Company LLC (0658); Contessa Boat, LLC (9452); CQ Boat, LLC (9511); American West Steamboat Company LLC (0656); and Ambassadors International Cruise Group (USA), LLC (7304). The mailing address for each Debtor is 2101 4th Avenue, Suite 210, Seattle, WA 98121.

[2] After due inquiry, the Debtors believe that the Creditor List reflects only claims held by creditors against Debtor entities. The Debtors reserve the right to modify the Creditor List to the extent the Debtors subsequently determine that any such claims are obligations of non-Debtor affiliates and are not the Debtors, or to the extent the Debtors subsequently determine the obligations the Debtors presently believe are non-Debtor obligations are actually Debtor obligations.

| | Name of Creditor and Complete Mailing Address, Including Zip Code | Name, Telephone Number and Complete Mailing Address, Including Zip Code, of Employee, Agent or Department of Creditor Familiar With Claim | Nature of Claim (Trade Debt, Bank Loan, Government Contract, etc.) | Indicate if claim is Contingent, Unliquidated, Disputed or Subject to Setoff | Amount of Claim (if Secured, Also State Value of Security |
|---|---|---|---|---|---|
| 1. | Wells Fargo Bank, National Association, as Trustee (Unsecured 3.75% Convertible Notes Due 2027) | Maddy Hall  CCTS<br>Wells Fargo Bank, National Association, as Trustee<br>Corporate Trust Services<br>707 Wilshire Blvd, 17th Floor<br>Los Angeles, CA  99017<br>Tel: 213-614-2588<br><br>Wells Fargo Bank, N.A.<br>Corporate Trust Operations, N9303-121<br> Sixth and Marquette Avenue<br>Minneapolis, MN  55479 | Bond Debt | | $31,680,822 |
| 2. | Maritime Administration of the Department of Transportation c/o United States of America | Edmund M. Ferguson<br>Peter G. Myer<br>U. S. Department of Justice<br>Torts Branch, Civil Division<br>P. O. Box 14271<br>Washington, DC 20044-4271<br>Tel: 202-616-4100<br>Fax: (202) 616-4159<br>Email: Edmund.Ferguson@usdoj.gov<br>Email: peter.myer@usdoj.gov | Judgment Debt | | $12,980,496 |
| 3. | Fine Food & Wine | Jonathan Baltuch<br>2960 Pharr Court S   #85<br>Atlanta GA  30305<br>Tel: 800-218-6031 | Charter Deposit | Contingent | $1,204,980 |
| 4. | Maritime Administration of the Department of Transportation c/o United States of America | Edmund M. Ferguson<br>Peter G. Myer<br>U. S. Department of Justice<br>Torts Branch, Civil Division<br>P. O. Box 14271<br>Washington, DC 20044-4271<br>Tel: 202-616-4100<br>Fax: (202) 616-4159<br>Email: Edmund.Ferguson@usdoj.gov<br>Email: peter.myer@usdoj.gov | Judgment Debt | | $961,500 |
| 5. | Kristensons-Petroleum Inc. | Tamara Anderson<br>128 Broad Street<br>2nd floor<br>Red Bank, NJ  07701<br>Tel: 732-219-7900 | Trade Debt | | $720,000 |

| | NAME OF CREDITOR AND COMPLETE MAILING ADDRESS, INCLUDING ZIP CODE | NAME, TELEPHONE NUMBER AND COMPLETE MAILING ADDRESS, INCLUDING ZIP CODE, OF EMPLOYEE, AGENT OR DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM | NATURE OF CLAIM (TRADE DEBT, BANK LOAN, GOVERNMENT CONTRACT, ETC.) | INDICATE IF CLAIM IS CONTINGENT, UNLIQUIDATED, DISPUTED OR SUBJECT TO SETOFF | AMOUNT OF CLAIM (IF SECURED, ALSO STATE VALUE OF SECURITY) |
|---|---|---|---|---|---|
| 6. | B&S Global Cruise Supply | Fred Verhagen P. O. Box 3119 3301 DC Dordrecht The Netherlands Tel: 31 (0)78 653 4100 | Trade Debt | | $430,176 |
| 7. | Olivia Companies | Judy D'lugacz 434 Brannan St San Francisco, CA 94107 Tel: 415-962-5700 | Charter Deposit | Contingent | $423,000 |
| 8. | AdvoCare International, LP | Jeannie Hoppe 2727 Realty Rd Carrollton, TX 75006 Tel: 972-478-4574 | Charter Deposit | Contingent | $285,000 |
| 9. | Queensberry Viagens E Turismo | Martin Jensen Av Sao Luiz 165 2nd Floor 010146-911 San Paulo Brazil | Travel Agent Cruise Deposit | Contingent | $277,922 |
| 10. | Wartsila North America, Inc. | Ed Hed 16330 Air Center Blvd. Houston, TX 77032 Tel: 281-233-6200 | Trade Debt | | $248,000 |
| 11. | Marlin Travel | Josie Koschik 89-333 St Mary Ave Winnipeg MB R3C 4A5 Canada Tel: 204-943-2591 | Charter Deposit | Contingent | $208,340 |
| 12. | Carlson Marketing | Jane Wallbridge 2845 Matheson Blvd East Mississauga, ON L4W 5K2 Canada Tel: 905-214-8308 | Charter Deposit | Contingent | $206,189 |
| 13. | Century Celebrations | Rhonda Lott 1344 Madrona Drive Nanoose Bay, BC V9P 9C9 Canada Tel: 250-468-9969 | Charter Deposit | Contingent | $201,400 |
| 14. | Central Viagens | Liberty Seguros R Rodrigues Sampaio 170-3 Lisboa 1169-120, Portugal Tel: phone 0 11351210329444 | Charter Deposit | Contingent | $184,370 |

| | Name of Creditor and Complete Mailing Address, Including Zip Code | Name, Telephone Number and Complete Mailing Address, Including Zip Code, of Employee, Agent or Department of Creditor Familiar With Claim | Nature of Claim (Trade Debt, Bank Loan, Government Contract, etc.) | Indicate if Claim is Contingent, Unliquidated, Disputed or Subject to Setoff | Amount of Claim (if Secured, Also State Value of Security) |
|---|---|---|---|---|---|
| 15. | Travelmart | Charles Lawson<br>28011 Clemens Road<br>Westlake, OH 44145<br>Tel: 440-835-8220 | Charter Deposit | Contingent | $183,550 |
| 16. | Rhode Reisen | Peter Rhode<br>Ground Floor<br>1 Gateside Ave<br>Johannesburg 2055 So Africa<br>Tel: 0 1127114695580 | Charter Deposit | Contingent | $182,000 |
| 17. | Travel the World | Louise Millmore<br>Level 1, Clarence Street<br>Sydney NSW 2000 Austrialia | Travel Agent Cruise Deposit | Contingent | $152,265 |
| 18. | Our Vacation Center | John Williams<br>15501 N Dale,<br>Scottsdale AZ 85260-1615<br>Tel: 602-749-2101 | Travel Agent Cruise Deposit | Contingent | $109,721 |
| 19. | Bayshore Solutions | Greg Smith<br>600 N. Westshore Blvd.<br>Suite 700<br>Tampa FL, 33609<br>Tel: 813-902-0141 Ext. 224 | Trade Debt | | $78,166 |
| 20. | Swiss Travel | Dieter Melchoir<br>SJO 787 P.O. Box 025216<br>Miami FL, 33102-5216<br>Tel: 506-2282-4898 | Trade Debt | | $78,000 |
| 21. | Delta Queen LLC | Leah Ann Ingram<br>1010 Georgia Ave<br>Chattanooga TN 37402<br>Tel: 423-667-6148 | Rent | | $47,778 |
| 22. | Central de Cruceros de Mexico SAS de CV | Fernando J Lopez Arenas<br>LaFayette 64, Col<br>Anzures 11590 Mexico | Travel Agent Cruise Deposit | Contingent | $64,142 |
| 23. | Onboard Spa Company | Darryl Preston<br>770 South Dixie Hwy<br>Second Floor<br>Coral Gables, Fl 33146<br>Tel: 305-358-9002 Ext. 264 | Trade Debt | | $60,842 |
| 24. | Schottel, Inc. | James Fremin<br>190 James Drive East<br>Suite 100<br>St Rose, LA 70087<br>Tel: 504-471-3439 | Trade Debt | | $60,000 |

| | Name of Creditor and Complete Mailing Address, Including Zip Code | Name, Telephone Number and Complete Mailing Address, Including Zip Code, of Employee, Agent or Department of Creditor Familiar With Claim | Nature of Claim (Trade Debt, Bank Loan, Government Contract, etc.) | Indicate if Claim is Contingent, Unliquidated, Disputed or Subject to Setoff | Amount of Claim (if Secured, Also State Value of Security |
|---|---|---|---|---|---|
| 25. | World Class Travel | Nikki Nestor<br>6965 El Camino Real<br>Suite 105-196<br>Carlsbad  CA  92009<br>Tel: 760-931-8435 | Charter Deposit | Contingent | $55,000 |
| 26. | Maritz Travel | Kathy Fitzsimmons<br>1395 N Highway Dr<br>Fenton  MO 63099<br>Tel: 636-827-1000 | Charter Deposit | Contingent | $55,000 |
| 27. | Sysco Food Services of New Orleans | John A. Berry<br>1451 River Oaks West<br>Haraham, LA 70123<br>Tel: 504-731-1015 | Trade Debt | | $49,763 |
| 28. | Goddards Shipping & Tours Ltd. | Michael Thornhill<br>Goddards Complex, Fontabelle<br>St. Michael Barbados<br>Tel: 246-231-4438 | Trade Debt | | $49,680 |
| 29. | O'Melveny & Myers LLP | Michael Stanton<br>1999 Avenue of the Stars<br>7th FL<br>Los Angeles, CA  90067-6035<br>Tel: 213-430-6459 | Legal Services | | $48,329 |
| 30. | Maritime Telecommunications Network | Jerry Nevin<br>3044 North Commerce Parkway<br>Miramar, FL  33025<br>Tel: 954-538-4000 | Trade Debt | | $30,491 |

## DECLARATION CONCERNING CONSOLIDATED LIST
## OF CREDITORS HOLDING THE 30 LARGEST UNSECURED CLAIMS

The consolidated list of creditors holding the 30 largest unsecured claims filed in electronic format contemporaneously with the foregoing petition (the *"Creditor List"*) constitutes a full and complete list of the name and address of each creditor. The Creditor List is being filed pursuant to section 521 of title 11 of the United States Code, Rules 1007 and 1008 of the Federal Rules of Bankruptcy Procedure and Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware. The above-captioned debtors and debtors in possession (collectively, the *"Debtors"*) reserve the right to file an amended or supplemental Creditor List.

The Creditor List is based upon the Debtors' internal bookkeeping records as of March 29, 2011 and is accurate up to such date to the best of the undersigned's knowledge, information and belief. However, no comprehensive legal or factual investigations with regard to possible defenses to any claims set forth on the Creditor List have been completed. Accordingly, the Creditor List does not, and should not, be deemed to constitute: (a) a waiver of any defense of any listed claims; (b) an acknowledgement of the allowability of any listed claims, or (c) a waiver of any other right or legal position of the Debtors.

I, Mark Detillion, Chief Financial Officer of Ambassadors International, Inc., declare under penalty of perjury that I have reviewed the Creditor List and that the information contained therein is true and correct to the best of my information and belief.

Dated: April 1, 2011

Mark Detillion
Chief Financial Officer